NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4568-15T1

JUDITH FERRARIS,

 Plaintiff-Appellant,

v.

JEFFREY SCOTT JONES,

 Defendant-Respondent.
_________________________________

 Submitted August 15, 2017 – Decided August 22, 2017

 Before Judges Manahan and Gilson.

 On appeal from Superior Court of New Jersey,
 Law Division, Special Civil Part, Hudson
 County, Docket No. DC-397-16.

 Scott C. Buerkle, attorney for appellant.

 Respondent has not filed a brief.

PER CURIAM

 Plaintiff Judith Ferraris appeals from the order of the Law

Division dismissing her complaint with prejudice against defendant

Jeffrey Jones following a non-jury trial. After reviewing the

record developed before the trial court and in consideration of

our standard of review, we affirm.
 Ferraris filed a complaint in the Hudson County Special Civil

Part alleging that Jones owed her approximately $26,000, but she

would "accept $15,000." Jones filed an answer. A one-day bench

trial was conducted before a Law Division judge.

 After the conclusion of the testimony, the judge dismissed

the complaint in a decision rendered from the bench. In reaching

the decision, the judge found Jones's testimony to be more

credible. The judge also found that the spreadsheets and self-

notarized documents offered by Ferraris as proofs in support of

her claim were insufficient to sustain her burden of persuasion.

On the same day, the judge entered an order in favor of Jones

dismissing Ferraris's complaint with prejudice.

 Ferraris filed a motion for a new trial, which was denied.

The judge supplemented the denial of the motion for a new trial

with a statement of reasons.1 This appeal followed. On appeal,

Jones failed to file a timely brief.

 We take the following from the trial record. Ferraris and

Jones's initial relationship was a friendship, which resulted in

marriage, then reverted to a friendship. Ferraris claimed that

Jones owed her money on loans disbursed on various dates totaling

1
 The judge's oral opinion rendered after trial was somewhat
truncated. The judge issued a written opinion on the motion for
a new trial stating the findings of fact and conclusions of law
supplementing her oral decision.

 2 A-4568-15T1
$26,560. During trial, Ferraris presented promissory notes for

three individual loans and a promissory note dated March 31, 2008,

which was intended to supersede the earlier notes. The March

promissory note included a clause that it would bear an interest

rate of four percent compounded monthly and a clause that the note

would bear an eighteen percent interest per annum.

 Ferraris testified she was repaid approximately $5000 on the

March note. In support of her claim, Ferraris proffered an Excel

spreadsheet that listed the balance and payments she received from

Jones and a bank statement showing two cash deposits in 2012.

 Although s signature appears on all of the promissory notes,

he disputed the validity of his signature on two of the notes.

Jones testified that he only signed two notes totaling $12,000.

Jones further testified that the debt was paid off through

installment payments totaling $10,800 and after he paid for a

cruise ticket for Ferraris totaling $1000. Jones testified that

he lacked proof of his payments as he no longer maintained the

bank account associated with the payments. In reply, Ferraris

denied that payment toward the cruise operated as an offset for

the debt.

 In reference to the remaining two promissory notes, Jones

testified that the signatures on the notes were likely forged by

Ferraris. Jones further testified that Ferraris forged his

 3 A-4568-15T1
signature with his permission during their marriage and that she

likely forged his signature on the two notes due to her being

upset that Jones caused her to become "uninvited to a party."

 Ferraris raises the following arguments on appeal:

 POINT I

 THE TRIAL COURT'S DECISION WAS [UNSUPPORTED]
 AND INCONSISTENT WITH THE COMPETENT, RELEVANT
 AND REASONABLY CREDIBLE EVIDENCE.

 POINT II

 THE TRIAL COURT'S MANY PROCEDURAL ERRORS
 REQUIRE THIS COURT TO VACATE THE JUDGMENT AND
 REMAND FOR A NEW TRIAL. (NOT RAISED BELOW)

 A. The Trial Court Failed To
 Adequately Identify Documents For
 The Record And Formerly Accept Them
 Into Evidence To Be Preserved
 Pending Appeal.

 B. The Trial Court Failed To Provide
 The [Plaintiff] The Opportunity To
 Examine The Evidence Submitted To
 The Court By Her Adversary.

 C. The Trial Court Failed To Make
 Sufficient Findings Of Fact To
 Support The Court's Decision.

 POINT III

 THE TRIAL COURT COMMITTED PLAIN ERROR BY
 PERMITTING DEFENDANT'S TESTIMONY FOR WHICH HE
 HAD NO PERSONAL KNOWLEDGE AND THAT AMOUNT TO
 RANK HEARSAY. (NOT RAISED BELOW)

 The standard of review of judgments or orders entered after

bench trials is well settled. The findings of the trial judge are

 4 A-4568-15T1
binding on appeal if they are supported by "adequate, substantial

and credible evidence." Rova Farms Resort, Inc. v. Inv'rs Ins.

Co. Of Am., 65 N.J. 474, 484 (1974). Deference to the judge's

factual findings is appropriate because the judge who saw and

heard the witnesses testify "has a better perspective than a

reviewing court in evaluating the veracity of witnesses." Seidman

v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (quoting

Cesare v. Cesare, 154 N.J. 394, 412 (1998)). Nevertheless, we

review a "trial court's interpretation of the law and the legal

consequences that flow from established facts" de novo. Manalapan

Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

 In denying Ferraris's motion for a new trial, the judge found:

 Although [d]efendant failed to present the
 [c]ourt with competent evidence, [p]laintiff,
 as the moving party, held the burden of
 demonstrating that [d]efendant failed to pay
 the alleged debt. In this regard, [p]laintiff
 failed to do so.

 At trial, the [c]ourt did not accept that
 promissory notes proffered by [p]laintiff as
 legitimate or valid. Plaintiff produced four
 promissory notes bearing [d]efendant's
 signature. Defendant acknowledged two of them
 (memorializing an alleged debt of $12,000[]
 and claimed the other two were fraudulent
 (memorializing an alleged debt of $14,000[]).
 Defendant offered testimony that he had
 authorized [p]laintiff to sign various
 documents during the course of their marriage.
 Plaintiff did not rebut this testimony.
 Furthermore, aside from the signature, the
 promissory notes contain a notarization, which

 5 A-4568-15T1
 was performed by [p]laintiff herself. As
 such, even now, the [c]ourt [plainly] cannot
 accept a self-serving notarization as
 sufficient evidence to carry [p]laintiff's
 burden of production as to the existence of
 the additional $14,000[] debt.

 Even assuming, arguendo, that the
 additional debt exists/existed, the [c]ourt
 cannot draw any sound conclusions as to
 payment. The only evidence proffered by
 [p]laintiff regarding payment (or non-
 payment) are self-prepared Microsoft Excel
 spreadsheets, purporting to account for the
 loans. The [c]ourt cannot reasonably
 determine whether these spreadsheets are true
 accountings of a legitimate loan debt or if
 they were fraudulently prepared the night
 before the hearing. Further, out of a total
 of [fourteen] payments listed on the
 spreadsheet, [p]laintiff has provided bank
 statements that allegedly correspond to only
 two of them. Plaintiff offered no additional
 evidence to support the bank deposits as
 payment aside from the entries in the Excel
 spreadsheet.

 Predicated upon our review of the judge's oral opinion post-

trial and her written opinion on the motion for a new trial, we

are satisfied that the judge exercised independent judgment in

reaching her decision. The judge evaluated each allegation

asserted by Ferraris and resolved them by making credibility

determinations as well as determinations relating to Ferraris's

proofs. Given the above, we discern no basis for error.

 We next address Ferraris's second and third points, not raised

below, wherein she argues the judge made erroneous evidentiary

 6 A-4568-15T1
rulings. "[A] trial court's evidentiary rulings are 'entitled to

deference absent a showing of an abuse of discretion, i.e., there

has been a clear error of judgement.'" State v. Brown, 170 N.J.

138, 147 (2000) (quoting State v. Marrero, 148 N.J. 469, 484

(1997)). As such, "an appellate court should not substitute its

own judgment for that of the trial court, unless the trial court's

ruling was so wide of the mark that a manifest denial of justice

resulted." Ibid. (internal quotation marks omitted) (quoting

Marrero, supra, 148 N.J. at 484). Here, the record does not

demonstrate that the evidentiary rulings were so wide of the mark

that it resulted in a manifest denial of justice.

 Affirmed.

 7 A-4568-15T1